UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DION DELGADO,

    Plaintiff,

  -against-

NASSAU COUNTY, MICHAEL SPOSATO,
OFFICER PULGRANO, OFFICER KAROL,

    Defendants.
-----------------------------------------------------------X
DION DELGADO,

    Plaintiff,

  -against-

ARMOR CORRECTIONAL HEALTH INC.,
MICHAEL SPOSATO, Sheriff, NASSAU
COUNTY,

    Defendants.
-----------------------------------------------------------X

ORDER
12-CV-0469(JFB)(ARL)

12-CV-1395(JFB)(ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 05 2012 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

  Plaintiff filed the instant complaint, 12-CV-1395(JFB)(ARL), on March 14, 2012 together with an application to proceed *in forma pauperis*. Upon review of the plaintiff's declaration in support of the application, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. According, plaintiff's application to proceed *in forma pauperis* is granted. For the reasons discussed below, the Clerk of the Court is hereby ordered to consolidate this action with another action commenced by plaintiff under docket number 12-CV-469(JFB)(ARL), which arises from the same factual nexus and implicates the same legal issues.

  Federal Rule of Civil Procedure 42(a) provides in relevant part that "[i]f actions before

the court involve a common question of law or fact, the court may . . . (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In deciding whether to consolidate cases, trial courts are vested with "broad discretion," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), and may *sua sponte* consolidate actions under Rule 42(a). *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Rule 42 should be used prudently "to expedite trial and eliminate any unnecessary repetition and confusion." *Devlin*, 175 F.3d at 130. In exercising its discretion, the trial court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues. *Johnson*, 899 F.2d at 1285. Cases may be consolidated even where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concert for a fair and impartial trial.").

Here, plaintiff has brought two actions claiming violations of his civil rights pursuant to Section 1983 arising from an alleged attack by another inmate while plaintiff was incarcerated at the Nassau County Correctional Center. Both actions arise from and relate to the injuries plaintiff allegedly sustained as a result of the alleged attack. The Court finds that consolidation of these actions would be in the interests of judicial economy and efficiency and would minimize the expense and burden on all of the parties. These interest far outweigh the minimal, if any, risk of prejudice of confusion to the parties. Accordingly,

IT IS HEREBY ORDERED that the Clerk of Court consolidate the two above-captioned

cases under the first case filed, docket number 12-CV-469(JFB)(ARL); and

IT IS FURTHER ORDERED that the Clerk of Court shall close the case with docket number 12-CV-1395(JFB)(ARL) and direct any further filings in that case to 12-CV-469(JFB)(ARL).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2012
Central Islip, New York

3